# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| JANERIS RODRIGUEZ MEJIA, as Parent and Natural Guardian of E.D., and JANERIS RODRIGUEZ MEJIA, Individually, <br><br> v. <br><br> DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? <br><br> ☐ Yes    ☐ No |

| **Attorney(s) for Appellant(s):** <br><br> ☐ Plaintiff <br><br> ☐ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail: |
|---|---|
| **Attorney(s) for Appellee(s):** <br><br> ☐ Plaintiff <br><br> ☐ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail: |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?     ☐ Yes     ☐ No <br><br> If Yes, provide the following: <br><br> Case Name: <br><br> 2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐  U.S. a party          ☐  Diversity <br><br> ☐  Federal question          ☐  Other (specify): <br>     (U.S. not a party) | ☐  Final Decision          ☐  Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) <br><br> ☐  Interlocutory Decision          ☐  Other (specify): <br>     Appealable As of Right |

## IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

**FORM C**  (Rev. October  2016)

**PART B:   DISTRICT  COURT DISPOSITION    (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| ☐  Pre-trial<br>☐  During trial<br>☐  After trial | ☐  Default judgment<br>☐  Dismissal/FRCP 12(b)(1)<br>      lack of subject matter juris.<br>☐   Dismissal/FRCP 12(b)(6)<br>      failure to state a claim<br>☐  Dismissal/28 U.S.C. § 1915(e)(2)<br>      frivolous complaint<br>☐  Dismissal/28 U.S.C. § 1915(e)(2)<br>      other dismissal<br><br>☐  Dismissal/other jurisdiction<br>☐  Dismissal/merit<br>☐  Judgment / Decision of the Court<br>☐  Summary judgment<br>☐  Declaratory judgment<br>☐  Jury verdict<br>☐  Judgment NOV<br>☐  Directed verdict<br>☐  Other (specify): | ☐  Damages:<br><br>___ Sought: $ _____<br>___ Granted: $ _____<br>___ Denied: $ _____<br><br>☐  Injunctions:<br><br>☐  Preliminary<br>☐  Permanent<br>☐  Denied |

**PART C:  NATURE OF SUIT   (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐  Antitrust<br>☐  Bankruptcy<br>☐  Banks/Banking<br>☐  Civil Rights<br>☐  Commerce<br>☐  Energy<br>☐  Commodities<br>☐  Other (specify): _____ | ☐  Communications<br>☐  Consumer Protection<br>☐  Copyright / Patent<br>☐  Trademark<br>☐  Election<br>☐  Soc. Security<br>☐  Environmental | ☐  Freedom of Information Act<br>☐  Immigration<br>☐  Labor<br>☐  OSHA<br>☐  Securities<br>☐  Tax | ☐  Admiralty/<br>     Maritime<br>☐  Assault /<br>     Defamation<br>☐  FELA<br>☐  Products Liability<br>☐  Other (Specify): | ☐  Admiralty/<br>     Maritime<br>☐  Arbitration<br>☐  Commercial<br>☐  Employment<br>☐  Insurance<br>☐  Negotiable<br>     Instruments<br>☐  Other Specify | ☐  Civil Rights<br>☐  Habeas Corpus<br>☐  Mandamus<br>☐  Parole<br>☐  Vacate Sentence<br>☐  Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐  Hague Int'l Child Custody Conv.<br>☐  Forfeiture/Penalty<br>☐  Real Property<br>☐  Treaty (specify): _____<br>☐  Other (specify): _____ | ☐  Arbitration<br>☐  Attorney Disqualification<br>☐  Class Action<br>☐  Counsel Fees<br>☐  Shareholder Derivative<br>☐  Transfer | ☐  Yes          ☐  No<br><br>Will appeal raise a matter of first impression?<br><br>☐  Yes          ☐  No |

1.  Is any matter relative to this appeal still pending below?    ☐ Yes, specify: _____    ☐ No

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?     ☐ Yes      ☐ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?    ☐ Yes      ☐ No

If yes, state whether  ☐ "A," or  ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: | Signature of Counsel of Record: | | |

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

      **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

# Addendum "A"

## *Description of the Case*

This action is centered on the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400, *et seq*., and violations by the Department of Education ("DOE, "Defendants") as it pertains to Student Y.N. This is an appeal from the District Court's Denial of a Motion for Summary Judgment under the IDEA and Fed. R. Civ. P. 56. Plaintiff sought relief below pursuant to 20 U.S.C. §1400, *et seq.* against Defendants for failure to fund, in full, E.D.'s program/placement at the International Academy for the Brain ("iBRAIN") for the 2022-2023 extended school year ("ESY") during the pendency of his Due Process Proceedings under 20 U.S.C. §1415(j).

On October 18, 2022, Plaintiff filed a Due Process Complaint ("DPC") with DOE, initiating an administrative Due Process Proceeding to secure funding for program/placement at iBRAIN for the 2022-2023 ESY and other relief under the IDEA. 20 U.S.C. §1415(f) and 8 N.Y.C.R.R. § 200.5(i). Plaintiff alleged, *inter alia*, DOE denied E.D. a Free Appropriate Public Education ("FAPE") for the 2021-2022 and 2022-2023 ESYs; that iBRAIN was an appropriate unilateral placement for E.D.; and that the equities favored a full award of E.D.'s program/placement at iBRAIN, including tuition, related services, and transportation services. On March 2, 2023, Impartial Hearing Officer ("IHO") Mohammad Ezzati issued a decision that declared that DOE failed to provide a FAPE to E.D. for the 2022-2023 ESY, the Parent's placement of E.D. at iBRAIN for the 2022-2023 ESY was appropriate but that the equities did not support the Parent's request for funding of the program/placement at iBRAIN for the 2022-2023 ESY.

On April 11, 2023, Plaintiff appealed IHO Ezzati's decision to the New York State Education Department's Office of State Review. On June 29, 2023, State Review Officer ("SRO") Sarah Harrington issued an SRO decision reversing those portions of IHO Ezzati's decision, that

would warrant a reduction or denial of an award of tuition funding at iBRAIN for the 2022-2023 ESY. On July 24, 2023, Plaintiff filed a Complaint in the Southern District of New York, which became Case No. 23-cv-06401, requesting the Court order Defendants to fully implement and comply with the final Administrative Order and Decision issues in favor of the Plaintiff and said Plaintiff's disabled child. On October 17, 2023, Plaintiff filed her Motion for Summary Judgment [ECF No. 37], and Defendants filed their Cross-Motion for Summary Judgment on October 17, 2023. [ECF No. 40].

### *Result*

On September 30, 2024, Judge Dale E. Ho issued an Order denying the Plaintiff's Motion for Summary Judgment. Defendants Cross-Motion for Summary Judgment was granted.

The District Court erred in denying the Plaintiff's Motion for Summary Judgment.

### *Attached Documents*

Attached hereto are copies of (1) the Notice of Appeal; (2) a current copy of the District Court Docket sheet; (3) the District Court's September 30, 2024, written Order denying Plaintiff's Motion for Summary Judgment; (4) the Clerk's September 30, 2024, written Judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**JANERIS RODRIGUEZ MEJIA**, as Parent and
Natural Guardian of **E.D.,** and Individually,

                 Plaintiff,

                                                **23-cv-06401(DEH)**

-against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department of
Education, and the **NEW YORK CITY
DEPARTMENT OF EDUCATION**,

                 Defendants.
-----------------------------------------------------------------X

## NOTICE OF APPEAL

### TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

      Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that Plaintiff Janeris

Rodriguez Mejia as Parent and Natural Guardian of E.D., and Individually, appeals to the United

States Court of Appeals for the Second Circuit.

      The above-named party appeals from the Order of the Hon. Dale E. Ho, U.S.D.J., dated

September 30, 2024 [ECF No. 62], which Order, among other things, denied the Plaintiff's Motion

for Summary Judgment and granted Defendants' Cross-Motion for Summary Judgment.

Additionally, the above-named party appeals from the Final Judgment, dated September 30, 2024.

[ECF No. 63].

Dated: October 30, 2024
      New York, New York

                                        _/S/_
                                        Rory J. Bellantoni, Esq. (RB2901)
                                        300 East 95th Street-Suite 130
                                        New York, New York
                                          rory@pabilaw.org
                                        (646) 850-5035

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:23-cv-06401-DEH

Mejia et al v. Banks et al

Assigned to: Judge Dale E. Ho

Cause: 20:1400 IDEA: Individuals With Disabilities Education Act (short title)

Date Filed: 07/24/2023

Date Terminated: 09/30/2024

Jury Demand: None

Nature of Suit: 448 Civil Rights: Education

Jurisdiction: Federal Question

**Plaintiff**

**Janeris Rodriguez Mejia**
*as Parent and Natural Guardian of E.D.*

represented by **Rory J. Bellantoni**
Brain Injury Rights Group
300 E. 95th Street
Suite 130
New York, NY 10128
646-850-5035
Fax: 212-504-9532
Email: rory@pabilaw.org
*ATTORNEY TO BE NOTICED*

**Peter Glenn Albert**
Brain Injury Rights Group, Ltd.
300 East 95th Street
Ste 130
New York, NY 10128
646-850-5035
Fax: 212-504-9532
Email: peter@pabilaw.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janeris Rodriguez Mejia**
*Individually*

represented by **Rory J. Bellantoni**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Glenn Albert**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**David C. Banks**
*in his official capacity as Chancellor of the
New York City Department of Education*

represented by **Eric M. Teszler**
New York City Law Department
General Litigation Division
100 Church St., 2nd Fl.

New York, NY 10007
212-356-1652
Email: ETeszler@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Doll**
New York City Law Department
General Litigation
100 Church Street
Ste 2-302b
New York, NY 10007
212-356-2624
Email: jdoll@law.nyc.gov
*LEAD ATTORNEY*

**Defendant**

**New York City Department of Education**          represented by   **Eric M. Teszler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Doll**
(See above for address)
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2023 | 1 | COMPLAINT against David C. Banks, New York City Department of Education. (Filing Fee $ 402.00, Receipt Number ANYSDC-28045513)Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually). (Attachments: # 1 Exhibit Redacted FOFD IHO Case No. 240579, # 2 Exhibit SRO Decision No. 20-060 (Part 1), # 3 Exhibit SRO Decision No. 20-060 (Part 2), # 4 Exhibit SRO Decision No. 20-060 (Part 3)).(Albert, Peter) (Entered: 07/24/2023) |
| 07/24/2023 | 2 | **FILING ERROR - PDF ERROR** CIVIL COVER SHEET filed..(Albert, Peter) Modified on 7/25/2023 (gp). (Entered: 07/24/2023) |
| 07/24/2023 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to David C. Banks, New York City Department of Education, re: 1 Complaint,. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 07/24/2023) |
| 07/25/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Peter Glenn Albert to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): the PDF for the civil cover sheet is not viewable (blank PDF). Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated October 1, 2020. The S.D.N.Y. Civil Cover Sheet dated October 1, 2020 is located at http://nysd.uscourts.gov/file/forms/civil-cover-sheet.. (gp)** (Entered: 07/25/2023) |
| 07/25/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Paul G. Gardephe. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. |

| | | |
|---|---|---|
| | | Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(gp) (Entered: 07/25/2023) |
| 07/25/2023 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (gp) (Entered: 07/25/2023) |
| 07/25/2023 | | Case Designated ECF. (gp) (Entered: 07/25/2023) |
| 07/25/2023 | 4 | ELECTRONIC SUMMONS ISSUED as to David C. Banks, New York City Department of Education..(gp) (Entered: 07/25/2023) |
| 07/25/2023 | 5 | ACKNOWLEDGMENT OF SERVICE Summons and Complaint, served. David C. Banks served on 7/25/2023, answer due 8/15/2023; New York City Department of Education served on 7/25/2023, answer due 8/15/2023. Service was accepted by New York City Law Department. Service was made by email. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.); Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 07/25/2023) |
| 07/25/2023 | 6 | NOTICE OF PRETRIAL CONFERENCE: Counsel for all parties are directed to appear before the Court for an initial pretrial conference in accordance with Rule 16 of the Federal Rules of Civil Procedure on October 26, 2023, at 11:30 a.m. in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. COUNSEL FOR PLAINTIFF(S) MUST IMMEDIATELY NOTIFY ALL ATTORNEYS IN THIS ACTION BY SERVING UPON EACH OF THEM COPIES OF THIS NOTICE AND THE COURT'S INDIVIDUAL PRACTICES. IF COUNSEL FOR PLAINTIFF(S) IS UNAWARE OF THE IDENTITY OF COUNSEL FOR ANY OF THE PARTIES, COUNSEL FOR PLAINTIFF(S) MUST IMMEDIATELY SEND COPIES OF THE NOTICE AND INDIVIDUAL PRACTICES TO THAT PARTY PERSONALLY. and as set forth herein. SO ORDERED. Initial Conference set for 10/26/2023 at 11:30 AM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. (Signed by Judge Paul G. Gardephe on 7/25/2023) (ama) (Entered: 07/25/2023) |
| 07/25/2023 | 7 | ACKNOWLEDGMENT OF SERVICE of Notice of Initial Pretrial Conference and Judge's Individual Rules served on David C. Banks in his official capacity as Chancellor of the New York City Department of Education, and New York City Department of Education on 07/25/2023. Service was accepted by New York City Law Department. Service was made by email. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 07/25/2023) |
| 07/26/2023 | 8 | CIVIL COVER SHEET filed..(Albert, Peter) (Entered: 07/26/2023) |
| 07/26/2023 | 9 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually). Related Document Number: 1 ..(Albert, Peter) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 07/26/2023) |
| 07/26/2023 | 10 | MEMORANDUM OF LAW in Support re: 9 Proposed Order to Show Cause With Emergency Relief, . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 07/26/2023) |
| 07/26/2023 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 9 Proposed Order to Show Cause** |

| | | |
|---|---|---|
| | | **With Emergency Relief, was reviewed and approved as to form. (tp)** (Entered: 07/26/2023) |
| 07/27/2023 | 11 | NOTICE OF APPEARANCE by Jordan Doll on behalf of David C. Banks, New York City Department of Education..(Doll, Jordan) (Entered: 07/27/2023) |
| 07/27/2023 | 12 | ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION: The Court will conduct a hearing on Plaintiff's application for a preliminary injunction on August 14, 2023, at 2:00 p.m. in Courtroom 705 of the U.S. Courthouse, 40 Foley Square, New York, NY. and as set forth herein. Show Cause Hearing set for 8/14/2023 at 02:00 PM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. Show Cause Response due by 8/2/2023. (Signed by Judge Paul G. Gardephe on 7/27/2023) (ama) (Entered: 07/27/2023) |
| 07/27/2023 | 13 | ACKNOWLEDGMENT OF SERVICE of Judge's Order served on David C. Banks in his official capacity as Chancellor of the New York City Department of Education, and New York City Department of Education on 07/27/2023. Service was accepted by New York City Law Department. Service was made by email. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually).. (Albert, Peter) (Entered: 07/27/2023) |
| 07/31/2023 | 14 | NOTICE OF APPEARANCE by Eric M. Teszler on behalf of David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 07/31/2023) |
| 08/02/2023 | 15 | FIRST BRIEF re: 10 Memorandum of Law in Support, 9 Proposed Order to Show Cause With Emergency Relief, *Opposition to Preliminary Injunction*. Document filed by David C. Banks, New York City Department of Education..(Doll, Jordan) (Entered: 08/02/2023) |
| 08/02/2023 | 17 | LETTER addressed to Judge Paul G. Gardephe dated August 2, 2023 re: ECF No. 16. Document filed by David C. Banks, New York City Department of Education..(Doll, Jordan) (Entered: 08/02/2023) |
| 08/02/2023 | | **\*\*\*DELETED DOCUMENT. Deleted document number 16 THIRD LETTER MOTION for Extension of Time. The document was incorrectly filed in this case. (kj)** (Entered: 08/03/2023) |
| 08/07/2023 | 18 | NOTICE OF APPEARANCE by Rory J. Bellantoni on behalf of Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually).. (Bellantoni, Rory) (Entered: 08/07/2023) |
| 08/08/2023 | 19 | REPLY MEMORANDUM OF LAW in Support re: 10 Memorandum of Law in Support *of Plaintiff's Request for Preliminary Injunction*. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually).. (Bellantoni, Rory) (Entered: 08/08/2023) |
| 08/09/2023 | 20 | FIRST LETTER MOTION for Extension of Time to File Answer addressed to Judge Paul G. Gardephe from Eric Teszler dated August 9, 2023. Document filed by New York City Department of Education..(Teszler, Eric) (Entered: 08/09/2023) |
| 08/11/2023 | 21 | ORDER granting 20 Letter Motion for Extension of Time to Answer re 20 FIRST LETTER MOTION for Extension of Time to File Answer addressed to Judge Paul G. Gardephe from Eric Teszler dated August 9, 2023., 1 Complaint. The Application is granted. David C. Banks answer due 9/29/2023; New York City Department of Education answer due 9/29/2023. (Signed by Judge Paul G. Gardephe on 8/11/2023) (tro) (Entered: 08/11/2023) |
| 08/14/2023 | | Minute Entry for proceedings held before Judge Paul G. Gardephe: Show Cause Hearing held on 8/14/2023. (Court Reporter Lisa Franko) (mr) (Entered: 08/14/2023) |

| 08/14/2023 | 22 | ORDER, For the reasons stated at today's hearing, Plaintiff's application for a preliminary injunction is denied. Any Amended Complaint will be filed by August 24, 2023. Any letter from Defendants concerning amendment of the Complaint will be filed by August 18, 2023. The parties will file a joint letter setting forth the possibility of settling the remaining claim regarding the 2021-2022 school year by August 28, 2023. SO ORDERED. ( Amended Pleadings due by 8/24/2023.) (Signed by Judge Paul G. Gardephe on 8/14/23) (yv) (Entered: 08/15/2023) |
|---|---|---|
| 08/18/2023 | 23 | LETTER addressed to Judge Paul G. Gardephe from Eric Teszler dated August 18, 2023 re: Amended Complaint. Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 08/18/2023) |
| 08/21/2023 | 24 | TRANSCRIPT of Proceedings re: CONFERNECE held on 8/14/2023 before Judge Paul G. Gardephe. Court Reporter/Transcriber: Lisa Picciano Franko, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/11/2023. Redacted Transcript Deadline set for 9/21/2023. Release of Transcript Restriction set for 11/20/2023..(McGuirk, Kelly) (Entered: 08/21/2023) |
| 08/21/2023 | 25 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNECE proceeding held on 8/14/2023 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 08/21/2023) |
| 08/24/2023 | 26 | FIRST AMENDED COMPLAINT amending 1 Complaint, against David C. Banks, New York City Department of Education.Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually). Related document: 1 Complaint,. (Attachments: # 1 Exhibit Redacted FOFD IHO Case No. 240579, # 2 Exhibit SRO Decision 23-060 (part 1), # 3 Exhibit SRO Decision 23-060 (part 2), # 4 Exhibit SRO Decision 23-060 (part 3)).(Albert, Peter) (Entered: 08/24/2023) |
| 08/24/2023 | 27 | DECLARATION of Peter G. Albert . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually). (Attachments: # 1 Exhibit Ten Day Notice).(Albert, Peter) (Entered: 08/24/2023) |
| 08/28/2023 | 28 | STATUS REPORT. *(Joint) re: ECF No. 22* Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 08/28/2023) |
| 09/19/2023 | 29 | MEMO ENDORSEMENT on re: 28 Status Report filed by David C. Banks, New York City Department of Education. ENDORSEMENT: Any party seeking to file a summary judgment motion will file a pre-motion letter in accordance with this Court's Individual Rules of Practice in Civil Cases by September 28, 2023. Any opposition letters will be filed by October 3, 2023. (Signed by Judge Paul G. Gardephe on 9/19/2023) (rro) (Entered: 09/20/2023) |
| 09/28/2023 | 30 | LETTER addressed to Judge Paul G. Gardephe from Peter G. Albert dated 9/28/23 re: Pre-Motion Letter for Summary Judgment. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 09/28/2023) |
| 09/28/2023 | 31 | LETTER addressed to Judge Paul G. Gardephe from Eric Teszler dated September 28, 2023 re: Pre-Motion Letter for Summary Judgment. Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 09/28/2023) |

| | | |
|---|---|---|
| 09/29/2023 | 32 | SECOND LETTER MOTION for Extension of Time to File Answer addressed to Judge Paul G. Gardephe from Eric Teszler dated September 29, 2023. Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 09/29/2023) |
| 10/03/2023 | 33 | ORDER granting 32 Letter Motion for Extension of Time to Answer re 32 SECOND LETTER MOTION for Extension of Time to File Answer addressed to Judge Paul G. Gardephe from Eric Teszler dated September 29, 2023., 1 Complaint. SO ORDERED. David C. Banks answer due 10/4/2023; New York City Department of Education answer due 10/4/2023. (Signed by Judge Paul G. Gardephe on 10/3/2023) (ate) (Entered: 10/03/2023) |
| 10/03/2023 | 34 | LETTER addressed to Judge Paul G. Gardephe from Peter G. Albert dated 10/3/23 re: Opposition to Defendants' Pre-Motion Letter for Summary Judgment. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) (Entered: 10/03/2023) |
| 10/03/2023 | 35 | LETTER addressed to Judge Paul G. Gardephe from Eric Teszler dated October 3, 2023 re: Opposition to Plaintiff's Pre-Motion Letter for Summary Judgment. Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 10/03/2023) |
| 10/04/2023 | 36 | ANSWER to 26 Amended Complaint,. Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 10/04/2023) |
| 10/17/2023 | 37 | ***STRICKEN DOCUMENT. Document number 37 has been stricken from the case record. The document was stricken from this case pursuant to 41 Order . MOTION for Summary Judgment . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) Modified on 10/20/2023 (tg). (Entered: 10/17/2023) |
| 10/17/2023 | 38 | ***STRICKEN DOCUMENT. Document number 38 has been stricken from the case record. The document was stricken from this case pursuant to 41 Order . MEMORANDUM OF LAW in Support re: 37 MOTION for Summary Judgment . . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Albert, Peter) Modified on 10/20/2023 (tg). (Entered: 10/17/2023) |
| 10/17/2023 | 39 | ***STRICKEN DOCUMENT. Document number 39 has been stricken from the case record. The document was stricken from this case pursuant to 41 Order . CROSS MOTION for Summary Judgment . Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) Modified on 10/20/2023 (tg). (Entered: 10/17/2023) |
| 10/17/2023 | 40 | ***STRICKEN DOCUMENT. Document number 40 has been stricken from the case record. The document was stricken from this case pursuant to 41 Order . MEMORANDUM OF LAW in Support re: 39 CROSS MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education. (Attachments: # 1 Exhibit A (August 14, 2023 Show Cause Hearing Transcript)).(Teszler, Eric) Modified on 10/20/2023 (tg). (Entered: 10/17/2023) |
| 10/19/2023 | 41 | ORDER denying without prejudice 37 Motion for Summary Judgment; denying without prejudice 39 Motion for Summary Judgment. Pursuant to this Court's Individual Rules of Practice IV(A) and (C), the parties' cross-motions for summary judgment (Dkt. Nos. 37, 39) are denied without prejudice as premature. (See Indiv. R. Prac. IV(A) ("Pre-motion conferences are required for... summary judgment motions.") and (C) ("In all cases (except pro se cases), the moving party shall electronically file motion and reply papers on ECF only when the entire motion has been briefed.") (emphasis in original)) The Clerk of Court |

| | | |
|---|---|---|
| | | is directed to strike Dkt. Nos. 37-40 and to terminate the motions pending at Dkt. Nos. 37 and 39. SO ORDERED. (Signed by Judge Paul G. Gardephe on 10/19/2023) (tg) (Entered: 10/20/2023) |
| 10/23/2023 | 42 | ORDER: The conference scheduled for October 26, 2023, is adjourned to November 30, 2023, at 10:30 a.m. SO ORDERED (Signed by Judge Paul G. Gardephe on 10/23/2023) ( Initial Conference set for 11/30/2023 at 10:30 AM before Judge Paul G. Gardephe.) (ks) (Entered: 10/23/2023) |
| 10/28/2023 | | NOTICE OF CASE REASSIGNMENT to Judge Dale E Ho. Judge Paul G. Gardephe is no longer assigned to the case..(vba) (Entered: 10/28/2023) |
| 10/31/2023 | 43 | NOTICE OF REASSIGNMENT: This case has been reassigned to the undersigned. All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://www.nysd.uscourts.gov/hon-dale-e-ho. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment; provided the conference scheduled for November 30, 2023 (Dkt. No. 42), is rescheduled to December 5, 2023, at 10:30 a.m. ET. The conference will be held over Microsoft Teams. The parties shall join by calling (646) 453-4442 and entering the Conference ID: 404 848 134, followed by the pound (#) sign. Absent leave of Court obtained by letter-motion filed before the conference, the conference must be attended by the attorney who will serve as principal trial counsel. Additionally, by November 30, 2023, the parties are hereby ORDERED to file on ECF a joint letterdescribed belowupdating the Court on the status of the case. Parties shall attach the Civil Case Management Plan and Scheduling Order, also available at https://www.nysd.uscourts.gov/hon-dale-e-ho, to the joint letter. The joint letter shall provide the following information, to the extent it is relevant, in separate paragraphs: As further set forth in this order. SO ORDERED. (Signed by Judge Dale E Ho on 10/31/2023) ( Initial Conference set for 12/5/2023 at 10:30 AM before Judge Dale E Ho.) (ks) (Entered: 11/01/2023) |
| 11/30/2023 | 44 | JOINT LETTER addressed to Judge Dale E. Ho from Eric Teszler dated November 30, 2023 re: ECF No. 43. Document filed by David C. Banks, New York City Department of Education. (Attachments: # 1 Supplement Civil Case Management Plan and Scheduling Order).(Teszler, Eric) (Entered: 11/30/2023) |
| 12/05/2023 | 45 | ORDER: A conference was held on December 5, 2023. It is hereby ORDERED that the parties shall brief the anticipated motions for summary judgment as follows: Plaintiff shall file their opening brief by January 9, 2024; Defendants shall file its brief in opposition and cross-motion by February 8, 2024; Plaintiff shall file their opposition and reply by February 29, 2024; Defendants shall file their reply by March 14, 2024. The parties' request (ECF No. 44) to waive filing a Statement of Material Facts Pursuant to Local Rule 56.1 is GRANTED, given their anticipated filing of the administrative record. The parties shall otherwise comply with the Court's Individual Rules regarding motions. SO ORDERED. (Signed by Judge Dale E. Ho on 12/5/2023) ( Cross Motions due by 2/8/2024., Motions due by 1/9/2024., Responses due by 2/29/2024, Replies due by 3/14/2024.) (ks) (Entered: 12/05/2023) |
| 12/05/2023 | | Minute Entry for proceedings held before Judge Dale E. Ho: Initial Pretrial Conference held on 12/5/2023 via Microsoft Teams teleconference. Attorney Rory J. Bellantoni present for Plaintiff Janeris Rodriguez Mejia. Attorney Eric Teszler present for Defendants David C. Banks and New York City Department of Education. (nm) (Entered: 12/07/2023) |

| 01/08/2024 | 46 | LETTER MOTION to Seal *Certified Administrative Record* addressed to Judge Dale E. Ho from Rory J. Bellantoni dated 12/8/24. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Bellantoni, Rory) (Entered: 01/08/2024) |
|---|---|---|
| 01/09/2024 | 47 | ORDER granting 46 Letter Motion to Seal. Application GRANTED. Plaintiff may file the Certified Administrative Record under seal. The Clerk of Court is respectfully requested to close ECF No. 46. SO ORDERED.. (Signed by Judge Dale E. Ho on 1/9/2024) (ks) (Entered: 01/09/2024) |
| 01/09/2024 | 48 | ***SELECTED PARTIES*** LETTER addressed to Judge Dale E. Ho from Rory J. Bellantoni dated 1/09/24 re: Certified Administrative Record. Document filed by New York City Department of Education, Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), David C. Banks, Janeris Rodriguez Mejia(Individually). (Attachments: # 1 Exhibit Certified Record Part 1, # 2 Exhibit Certified Record Part 2, # 3 Exhibit Certified Record Part 3, # 4 Exhibit Certified Record Part 4, # 5 Exhibit Certified Record Part 5, # 6 Exhibit Certified Record Part 6, # 7 Exhibit Certified Record Part 7, # 8 Exhibit Certified Record Part 8, # 9 Exhibit Certified Record Part 9, # 10 Exhibit Certified Record Part 10)Motion or Order to File Under Seal: 47 .(Bellantoni, Rory) (Entered: 01/09/2024) |
| 01/09/2024 | 49 | MOTION for Summary Judgment . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Bellantoni, Rory) (Entered: 01/09/2024) |
| 01/10/2024 | 50 | LETTER MOTION for Extension of Time *RE: Request for a one day extension, nunc pro tunc, to file plaintiffs brief in support of motion for summary judgment* addressed to Judge Dale E. Ho from Rory J. Bellantoni dated 1/10/24. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually).. (Bellantoni, Rory) (Entered: 01/10/2024) |
| 01/10/2024 | 51 | ORDER granting 50 Letter Motion for Extension of Time. Application GRANTED. Plaintiff's opening brief in support of their Motion for Summary Judgment (ECF No. 49) is due January 10, 2024. Defendants shall file its brief in opposition and cross-motion by February 9, 2024. Plaintiff shall file their opposition and reply by March 1, 2024. Defendants shall file their reply by March 15, 2024. The Clerk of Court is respectfully requested to close ECF No. 50. SO ORDERED.. (Signed by Judge Dale E. Ho on 1/10/2024) Brief due by 1/10/2024. Cross Motions due by 2/9/2024. Responses to Brief due by 2/9/2024 (ks) (Entered: 01/10/2024) |
| 01/10/2024 | | Set/Reset Deadlines: Responses due by 3/1/2024 Replies due by 3/15/2024. (ks) (Entered: 01/10/2024) |
| 01/11/2024 | 52 | MEMORANDUM OF LAW in Support re: 49 MOTION for Summary Judgment . . Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Bellantoni, Rory) (Entered: 01/11/2024) |
| 01/11/2024 | 53 | ENDORSED LETTER addressed to Judge Dale E. Ho from Rory Bellantoni dated January 11, 2024 re: letter requesting extension of time. ENDORSEMENT: The Court is in receipt of this January 11, 2024 email. Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment (ECF No. 52) will not be considered untimely as a result of the ECF issues described in this email. SO ORDERED. (Signed by Judge Dale E. Ho on 1/11/2024) (ks) (Entered: 01/11/2024) |
| 02/07/2024 | 54 | FIRST LETTER MOTION for Extension of Time *to file Defendants' cross-motion for summary judgment and opposition to Plaintiff's cross-motion for summary judgment* addressed to Judge Dale E. Ho from Eric Teszler dated February 7, 2024. Document filed |

| | | |
|---|---|---|
| | | by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 02/07/2024) |
| 02/08/2024 | 55 | ORDER granting 54 Letter Motion for Extension of Time. Application GRANTED. Defendant's cross-motion for summary judgment and opposition to Plaintiff's cross-motion for summary judgment is due February 16, 2024. Plaintiff's opposition and reply are due March 8, 2024. Defendant's reply is due March 22, 2024. The Clerk of Court is respectfully requested to close ECF No. 54. SO ORDERED. (Signed by Judge Dale E. Ho on 2/8/2024) (ks) (Entered: 02/08/2024) |
| 02/08/2024 | | Set/Reset Deadlines: Cross Motions due by 2/16/2024. Responses due by 3/8/2024 Replies due by 3/22/2024. (ks) (Entered: 02/08/2024) |
| 02/16/2024 | 56 | MOTION for Summary Judgment . Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 02/16/2024) |
| 02/16/2024 | 57 | MEMORANDUM OF LAW in Support re: 56 MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 02/16/2024) |
| 02/16/2024 | 58 | DECLARATION of Eric Teszler in Support re: 56 MOTION for Summary Judgment .. Document filed by David C. Banks, New York City Department of Education. (Attachments: # 1 Exhibit A (August 14, 2023 Show Cause Hearing Transcript)).(Teszler, Eric) (Entered: 02/16/2024) |
| 02/16/2024 | 59 | MEMORANDUM OF LAW in Opposition re: 49 MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 02/16/2024) |
| 03/08/2024 | 60 | MEMORANDUM OF LAW in Opposition re: 56 MOTION for Summary Judgment . *and reply in further support of the plaintiff's motion for summary judgment*. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually)..(Bellantoni, Rory) (Entered: 03/08/2024) |
| 03/22/2024 | 61 | REPLY MEMORANDUM OF LAW in Support re: 56 MOTION for Summary Judgment . . Document filed by David C. Banks, New York City Department of Education..(Teszler, Eric) (Entered: 03/22/2024) |
| 09/30/2024 | 62 | OPINION AND ORDER re: 56 MOTION for Summary Judgment . filed by David C. Banks, New York City Department of Education, 49 MOTION for Summary Judgment . filed by Janeris Rodriguez Mejia. For the reasons given above, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for summary judgment. The Clerk of Court is respectfully requested to terminate ECF Nos. 49, 56. SO ORDERED. (Signed by Judge Dale E. Ho on 9/27/2024) (ks) Transmission to Orders and Judgments Clerk for processing. (Entered: 09/30/2024) |
| 09/30/2024 | 63 | CLERK'S JUDGMENT re: 62 Memorandum & Opinion in favor of New York City Department of Education, David C. Banks against Janeris Rodriguez Mejia. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 30, 2024, the Court has DENIED Plaintiff's motion for summary judgment and has GRANTED Defendants' motion for summary judgment. (Signed by Clerk of Court - Acting Daniel Ortiz on 9/30/2024) (Attachments: # 1 Appeal Package) (km) (Entered: 09/30/2024) |
| 09/30/2024 | | Terminate Transcript Deadlines (km) (Entered: 09/30/2024) |
| 10/30/2024 | 64 | NOTICE OF APPEAL from 63 Clerk's Judgment,, 62 Memorandum & Opinion,,. Document filed by Janeris Rodriguez Mejia(as Parent and Natural Guardian of E.D.), Janeris Rodriguez Mejia(Individually). Form C and Form D are due within 14 days to the |

| | | |
|---|---|---|
| | | Court of Appeals, Second Circuit..(Bellantoni, Rory) Modified on 10/31/2024 (nd). (Entered: 10/30/2024) |
| 10/30/2024 | | Appeal Fee Due: for 64 Notice of Appeal,.$605.00 Appeal fee due by 11/13/2024..(nd) (Entered: 10/31/2024) |
| 10/31/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 64 Notice of Appeal,..(nd) (Entered: 10/31/2024) |
| 10/31/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 64 Notice of Appeal, filed by Janeris Rodriguez Mejia were transmitted to the U.S. Court of Appeals..(nd) (Entered: 10/31/2024) |
| 11/14/2024 | | Appeal Fee Payment: for 64 Notice of Appeal,. Filing fee $ 605.00, receipt number ANYSDC-30186306..(Bellantoni, Rory) (Entered: 11/14/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/15/2024 11:33:00 | | | |
| PACER Login: | alexandramartinesi | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:23-cv-06401-DEH |
| Billable Pages: | 9 | Cost: | 0.90 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANERIS RODRIGUEZ MEJIA, *as Parent and
Natural Guardian of E.D. and Individually*,

Plaintiff,

v.

DAVID C. BANKS, *in his Official Capacity as
Chancellor of the New York City Department of
Education, et al.*,

Defendants.

23 Civ. 6401 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Janeris Rodriguez Mejia brings this action against the New York City

Department of Education ("DOE") and David C. Banks (collectively "Defendants"), pursuant to

the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401 *et seq*.  Plaintiff

seeks an order reversing the determination of the State Review Officer ("SRO") and requiring

the DOE to fund her child E.D.'s educational placement at the International Institute for the

Brain ("iBRAIN" or "the School") and transportation costs for a portion of the 2021-22 school

year ("SY").  *See* Pl.'s Mem. 8, ECF No. 52.  Plaintiff moves for summary judgment, *see* ECF

No. 49, and the Defendants cross-move for summary judgment, *see* ECF No. 56.  For the reasons

given below, the Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion

for summary judgment is **GRANTED**.

## BACKGROUND

### I.     The IDEA's Legal Framework

The IDEA requires any school district that receives funding assistance under the Act to

provide a "free appropriate public education" ("FAPE") to every child with a disability.  20

U.S.C. § 1412(a)(1)(A); *see also id.* § 1401(9) (defining FAPE).  The DOE creates an

Individualized Education Program ("IEP") for each student with disabilities before the beginning

of every school year.  *See* 20 U.S.C. § 1414(d).  If a parent or guardian disagrees with the

contents of an IEP, they may demand an administrative due process hearing.  *See* 20 U.S.C. §

1415(b)(6), (f)(1)(A).  The State of New York "has implemented a two-tier system of

administrative review," *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch.

Dist.*, 386 F.3d 158, 160 (2d Cir. 2004)[1]—first, an impartial hearing before an Impartial Hearing

Officer ("IHO"), *see* N.Y. Educ. Law § 4404(1)(a), 20 U.S.C. § 1415(f)(1)(A); and second,

either party may appeal the IHO's decision to a State Review Officer ("SRO"), *see* N.Y. Educ.

Law § 4404(2).  Either party may then seek a review of the SRO decision by bringing a civil

action in federal court.  *See* 20 U.S.C. § 1415(i)(2)(A).

A parent who believes that their child's IEP fails to comply with statutory requirements

may, at their own financial risk, unilaterally remove their child from the IEP's proposed public

school and place them in a non-public school.  *See* 20 U.S.C. § 1412(a)(10)(C); *see Ventura de

Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) ("[W]hen the Parents

unilaterally enrolled the students at iBRAIN, the Parents did so at their own financial risk.").

Parents can obtain reimbursement from the school district if they satisfy a three-part test that has

come to be known as the *Burlington-Carter* test.[2]  *Id.* at 526.  Under that test, reimbursement is

appropriate where: (1) the school district's recommended placement does not comply with the

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] *See Sch. Comm. of Burlington, Mass. v. Dep't of Educ.*, 471 U.S. 359, 373-74, (1985) ("*Burlington*"); s*ee also Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16 (1993) ("*Carter*").

IDEA; (2) the placement favored by the parent is appropriate given the needs of the child; and (3) equitable considerations favor reimbursement.  *See E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 451 (2d Cir. 2014); *see also Ventura de Paulino*, 959 F.3d at 526; *accord Carter*, 510 U.S. at 12.

As relevant here, the IDEA requires that parents notify a school district at least ten business days "prior to the removal of child from [a] public school," and then place their child at a non-public school.  *See* 34 C.F.R. § 300.148(d)(1)(ii).  The Ten-Day Notice ("TDN") requirement gives "school districts an opportunity to discuss with parents their objections to the IEP and to offer changes to the IEP designed to address those objections."  *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 171 (2d Cir. 2021); *see e.g. G.B. v. N.Y.C. Dep't of Educ.*, 145 F. Supp. 3d 230, 257 (S.D.N.Y. 2015).  In determining whether to award tuition reimbursement to a parent who enrolls their child in a non-public school, courts have the discretion to consider compliance with the TDN requirement under the third *Burlington-Carter* factor (i.e., the equities).  *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009) ("[C]ourts retain discretion to reduce the amount of a reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice of their intent to enroll the child in private school.").

## II.    Factual Background[3]

Plaintiff is a parent and guardian of E.D., a 13-year-old boy classified with multiple disabilities, *see* R. 133-134, including spastic quadriplegia and cerebral palsy.  R. 134.  E.D. is

---

[3] The parties agreed to rely exclusively on the administrative record for their cross-summary judgment motions.  *See* ECF No. 45.  The following facts are taken from the administrative record, *see* ECF No. 48, and the parties' motions, *see* ECF Nos. 49, 52, 56-61.  The facts are undisputed unless otherwise stated.  The Court cites to the record as "R." with the corresponding Bates stamped number.

non-ambulatory and non-verbal. R. 134, 141. E.D. has highly intensive management needs, requiring highly individualized attention in school. R. 179. Plaintiff rejected the IEP and unilaterally enrolled E.D. in iBRAIN on May 2, 2022, for approximately two months through the end of the 2021-22 school year. *See* R. 180, 472.

On October 18, 2022, Plaintiff filed a due process complaint. *See* Pl.'s Mem. 9. The case was assigned to an independent hearing officer ("IHO") on January 9, 2023. R. 042. An impartial hearing was held on February 28 and March 1, 2023. *See* R. 043. On March 2, 2023, the IHO issued a Findings of Fact and Decision ("FOFD"). With respect to the first prong of the *Burlington-Carter* test, the IHO found that E.D. was denied a FAPE. R. 042. As to the second prong, the IHO observed that "it is not entirely clear what [the] School's actual program consists of," noting that there was an absence of testimony by the "Student's teachers or her [sic] related-service providers." R. 047. Nevertheless, the IHO concluded that Plaintiff "has established the bare minimum in meeting their Prong II burden" based on "the testimony of [the Director of the School]," and found that iBRAIN was an appropriate placement for E.D. *Id.* at 047-48.

With regards to the third prong, however, the IHO determined that the equities did not support any funding for the 2021-22 SY and supported only a reduced award for the 2022-23 SY. *See* R. 049-053, 081. The IHO denied Plaintiff's requested relief for the 2021-22 SY in part because "[t]here [was] no evidence in the record that [Plaintiff] provided the DOE with [the requisite] Ten-Days' Notice." R. 049. The IHO further noted that the School "was not truthful in its responses to . . . document subpoenas" from DOE, and that witnesses from the School who were subpoenaed by the DOE provided no response to the subpoenas and failed to appear at the hearing. R. 050. The IHO made "a negative inference as to why documents were not produced and why witnesses were not made available," found that "[t]he only reasonable conclusion is that evidence was withheld because the evidence could have been detrimental to Parent's case," and

concluded that the "requested relief for the 2021-2022 school year is not appropriate and is denied." *Id.  See also* R. 053 (describing similar findings for the 2022-23 SY).

On April 11, 2023, Plaintiff appealed the IHO decision to the Office of State Review.  R. 079-80.  Defendants then answered and cross-appealed.  *Id.*  The matter was assigned to State Reviewing Officer ("SRO") Harrington.  R. 039.  On appeal, Plaintiff sought to overturn the IHO's rulings: (1) denying funding for the 2021-22 SY, and (2) providing for a reduced award for the 2022-23 SY.  R. 081.

As to the latter issue, the SRO reversed the IHO, and granted full reimbursement for the 2022-23 SY.  R. 039.  The SRO reasoned that, given the IHO's "initial determination that iBrain was an appropriate unilateral placement for the student," which the SRO affirmed, it was error for the IHO to reduce the tuition and transportation services award for the 2022-23 SY.  R. 038.

But as to the 2021-22 SY, the SRO affirmed the IHO's denial of reimbursement.  *Id.*  On appeal, Plaintiff sought to show that she complied with the TDN requirement by presenting new documents not submitted at the IHO hearing, including "an April 22, 2022 ten-day written notice letter" (the "April 22 Letter").  R. 028.  The SRO declined to consider the April 22 Letter.  First, the SRO noted that "[g]enerally, documentary evidence not presented at an impartial hearing may be considered on appeal . . . only if such additional evidence could not have been offered at the time of the impartial hearing and the evidence is necessary in order to render a decision."  R. 028-29.  Here, there was no dispute that "the April 22 ten-day notice letter was available at the time of the impartial hearing and was omitted."  R. 029.  But because the letter was not presented at the hearing, "the district did not have the opportunity to argue that it was not received."  *Id.*  The SRO also noted that there was "no evidence that the letter was sent to the district," and then declined to exercise discretion to accept the letter as additional evidence.  *Id.*  Given the absence of any evidence in the record that Plaintiff had satisfied the TDN required, the SRO ruled that

there was no basis to overturn the IHO's decision to deny relief as to the 2021-22 SY.  *See generally* R. 039.

### III.     Procedural History

On July 24, 2023, Plaintiff filed this case seeking reversal of the SRO's decision.  *See* Compl., ECF No. 1.  Two days later, on July 26, 2023, Plaintiff filed a motion for a preliminary injunction.  *See* ECF Nos. 9-10.  Following a hearing on August 14, 2023, the Court denied preliminary relief.  *See* ECF No. 22.  On October 28, 2023, the matter was reassigned to the undersigned.  See Oct. 28, 2023, Min. Entry.  On January 9, 2024, Plaintiff filed her motion for summary judgment, *see* ECF No. 49.  On February 16, 2024, Defendants cross-move for summary judgment, *see* ECF No. 56.  Both motions are now fully briefed.

## LEGAL STANDARDS

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'"  *Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165 (*quoting M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)).  In contrast to an "ordinary summary judgment motion," however, "the existence of a disputed issue of material fact will not necessarily defeat the motion."  *Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M.*, No. 16 Civ. 3924, 2017 WL 2656253, at *7 (S.D.N.Y. June 20, 2017), *aff'd sub nom. Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M. ex rel. P.G.*, 744 F. App'x 7 (2d Cir. 2018).  In the IDEA context, a summary judgment motion "functions as an appeal from an administrative decision."  *Id.* (c*iting T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009); *accord Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005) (collecting cases).

"The district court therefore engage[s] in an independent review of the administrative record and make[s] a determination based on a preponderance of the evidence." *Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165.  The Court must, therefore, "engage in an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review." *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016).  In conducting an independent review, a court "must give due weight to [the state administrative] proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."[4]  *M.H.*, 685 F.3d at 240.

Where an IHO and SRO reach conflicting conclusions, "a court must defer to the SRO's decision on matters requiring educational expertise unless it concludes that the decision was inadequately reasoned." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012).  The Second Circuit has cautioned, "[w]hile this Court does not simply rubber stamp administrative decisions . . . review of the administrative decision is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Mr. P v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 748 (2d Cir. 2018) (quoting *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) and *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)).

---

[4] Courts in this district have applied this "due weight" standard by giving the administrative decisions varying levels of deference depending on the quality and nature of the decision. *Compare Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir. 2005) (applying "IDEA's statutory scheme requires substantial deference to state administrative bodies on matters of educational policy") *with Tobuck v. Banks*, No. 23 Civ. 1356, 2024 WL 1349693, at *4 (S.D.N.Y. Mar. 29, 2024) (noting that "[o]n questions of law, the standard of review is de novo").

**DISCUSSION**

The issue before the Court on these cross-motions is narrow: Plaintiff seeks reversal of the SRO Decision insofar as it denies Plaintiff's relief for the approximately two months of 2021-22 SY that E.D. attended iBRAIN, due to failure to comply with the TDN requirement. *See* Pl.'s Mem. 8.  Plaintiff makes various arguments, but in substance, they boil down to two contentions.

First, Plaintiff argues that the SRO incorrectly found that Plaintiff had failed to satisfy the TDN requirement.  Although she failed to submit evidence of compliance with the TDN requirement before the IHO, Plaintiff contends that the SRO erred on appeal by not accepting the April 22 Letter into evidence.  *See id.* at 30.  Plaintiff further contends that, even excluding the April 22 Letter, the SRO erred in concluding that she failed to comply with the TDN requirement, because there was no evidence that she had failed to do so.  *See id.* at 26, 29.

Second, Plaintiff argues that the SRO erred in ruling that the failure to comply with the TDN requirement bars Plaintiff from recovering tuition and transportation costs for the 2021-22 SY.  Pl.'s Mem. 17.  Plaintiff contends that the SRO's determination in this regard is not entitled to deference, *see id.* at 20-24, and that a proper balancing of the equities would favor an award for that SY, *see id.* at 15, 23.  That is, even if Plaintiff had failed to comply with the TDN requirement, Plaintiff argues that, under the facts of the case, she is entitled to reimbursement for tuition and transportation for the final two months of the 2021-22 SY.  *See id.* at 14-15.

The Court considers each argument in turn below.

**I.      Failure to Comply with the TDN Requirement**

*a.  The SRO's Evidentiary Ruling*

Plaintiff challenges the SRO's evidentiary decision not to consider the April 22 Letter as erroneous, arguing that the SRO should have considered it as part of Plaintiff's appeal, or

remanded the matter to the IHO for further findings.  Pl.'s Mem. 30.

The Court concludes that the SRO's decision not to consider the April 22 Letter was not inappropriate, and is entitled to deference.  Under the "modified *de novo* standard" applicable in IDEA cases, a district court "must defer to the IHO's and SRO's determinations regarding procedural . . . issues." *Landsman v. Banks*, No. 23 Civ. 6404, 2024 WL 3605970, at *2 (S.D.N.Y. July 31, 2024) (internal quotation marks and citation omitted).  This deference applies to evidentiary rulings.  *See B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 319 (S.D.N.Y. 2023) (declining to disturb evidentiary rulings of IHO and SRO).

Plaintiff fails to establish that the SRO's decision not to consider the April 22 Letter was "insufficiently reasoned or supported" to warrant deference.  *Phillips v. Banks*, No. 23-362, 2024 WL 1208954, at *2 (2d Cir. Mar. 21, 2024).  The SRO explained at length its reasoning in declining to consider the April 22 Letter.  *See* R. 028-29.  The SRO began by noting the general rule against considering new evidence on appeal that was available at the time of an impartial hearing but was not submitted to an IHO.  *Id.*  As the SRO explained, this rule is important because it "encourage[s] full development of an adequate hearing record at the first tier to enable the IHO to make a correct and well supported determination and to prevent the party . . . from withholding." *Id.* at 029 (citing *M.B. v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 3455, 2015 WL 6472824, at *2-3 (S.D.N.Y. Oct. 27, 2015); *A.W. v. Bd. of Educ. of the Wallkill Cent. Sch. Dist.*, No. 14 Civ. 1583, 2015 WL 1579186, at *2-4 (N.D.N.Y. Apr. 9, 2015)).  Next, the SRO noted that "the parent concedes that the . . . ten-day written notice was available at the time of the impartial hearing and was omitted from her documentary evidence in error." *Id.*  Given that Plaintiff provided no explanation for her failure to submit the April 22 Letter before the IHO, the SRO declined to exercise discretion to consider it, and adhered to the general rule that the record on appeal in IDEA cases should be limited to what was presented at the impartial hearing.

Under these facts, the SRO made a reasoned evidentiary ruling and did not err in declining to consider the April 22 Letter.  Applying the appropriate deferential standard for evidentiary rulings in IDEA administrative proceedings, a recent decision by a court in this district affirmed an SRO's decision not to consider a newly submitted TDN letter on appeal under similar circumstances.  *See Landsman*, 2024 WL 3605970, at *3.  Here, as in *Landsman*, Plaintiff provides no explanation for her failure to submit the purported TDN letter before the IHO, despite its availability at the time of the initial hearing.  *See id.*  As the court in *Landsman* held, the SRO did not err in ruling that "Plaintiff's inexplicable failure to submit [the Ten-Day Notice] during the IHO hearing barred her from taking another bite at the apple."  *Id.*  That is especially the case where, as here, "Plaintiff was . . . represented at the IHO hearing by lawyers who are well-versed in the requirements for reimbursement of tuition following a unilateral placement."  *Id.* (citing cases in which plaintiffs represented by the same counsel in this case, the Brain Injury Rights Group, complied with the TDN requirement).  "Because the SRO's decision to exclude the belatedly-proffered evidence is entitled to deference, . . . the Court holds that the SRO did not err in refusing to allow Plaintiff to submit new evidence."  *Id.* (internal citation omitted).[5]

### b.  *Plaintiff's Request for the Court to Consider the April 22 Letter*

Notwithstanding the SRO's decision not to consider the April 22 Letter, Plaintiff argues that this Court should do so.  *See* Pl.'s Mem. 26.  "Federal courts reviewing administrative determinations under the IDEA must base their decisions on the preponderance of the evidence,

---

[5] Throughout her brief, Plaintiff vigorously argues the SRO's decision is not entitled to deference—but, in substance, Plaintiff's arguments on deference address the merits of the SRO's balancing of the equities—in particular, the decision to apply the TDN requirement strictly to bar Plaintiff from recovery, *see, e.g.*, Pl.'s Mem. 20-26; Pl.'s Opp'n 8, ECF No. 60.  Those arguments that are addressed *infra*.  Plaintiff does not offer any reason why the SRO's *evidentiary* decision not to consider the April 22 Letter should not receive deference.

taking into account . . . any further evidence presented before the District Court by the parties," *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 380 (2d Cir. 2003). Because the Second Circuit has "yet to address the standard for admitting additional evidence in an IDEA proceeding," *L.V. v. Rye City Sch. Dist.*, No. 22 Civ. 4255, 2023 WL 5744421, at *2 (S.D.N.Y. Sept. 6, 2023), courts in this district have adopted the approach set by the First Circuit in *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984). Under that approach, a district court has discretion in determining whether to consider additional evidence not considered during administrative proceedings. *See N.J. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6173, 2021 WL 965323, at *7 (S.D.N.Y. Mar. 15, 2021) (collecting cases); *accord Town of Burlington*, 736 F.2d. at 791 ("The determination of what is 'additional' evidence must be left to the discretion of the trial court"). A court must "be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *K.M. v. Katonah-Lewisoboro Union Free Sch. Dist.*, No. 19 Civ. 9671, 2020 WL 4038354, at *5 (S.D.N.Y. July 17, 2020). Courts have, therefore, declined to exercise their discretion to consider additional evidence when equitable considerations weigh against doing so. *See, e.g.*, *M.B.*, 2015 WL 6472824, at *2 (S.D.N.Y. Oct. 27, 2015) ("[A] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case").

Here, the Court declines to consider the April 22 Letter for the same reasons that the SRO refused to do so. As noted, *supra*, that evidentiary ruling is entitled to deference. Indeed, while the Letter is dated April 22, 2022, and states that it was submitted via email, *see* R. 131-32, the SRO noted that "there is no evidence that the letter was sent to the district," R. 029, such as a cover email to which the April 22 Letter was attached. And, in any event, even assuming that it was sent, the April 22 Letter did not satisfy the TDN requirement, which requires that notice be

given to the school district at least "10 *business* days of prior to the removal of the child from the

public school." 20 U.S.C. § 1412(a)(10)(C)(iii)(I) (emphasis added).  Here, Plaintiff concedes

that the April 22 Letter was untimely, as it was purportedly sent only "six business days" before

"E.D. started at iBRAIN on May 2, 2022."  Pl.'s Mem. 27 n.5.  *See* R. 472, 479, 480, 791.  *Cf.*

*Landsman*, 2024 WL 3605970, at *3 (finding no error in SRO's refusal to consider late-

submitted TDN letter where the letter was itself untimely).

### c.   The SRO's Finding that Plaintiff Failed to Satisfy the TDN Requirement

Plaintiff nevertheless argues that, even without the April 22 Letter, it was still an error for

the SRO to find that she failed to comply with the TDN requirement, protesting that "**there is**

**NO evidence that Plaintiff failed to give DOE the required notice**," Pl.'s Mem. 29 (emphasis

in original).  But it is unclear how the school district could have proved such a negative (or why

it would attempt to do so when there was no TDN letter submitted before the IHO).  The absence

of evidence affirmatively showing that Plaintiff failed to provide the requisite TDN is not a

reason to conclude that Plaintiff actually did comply with it.  In any event, even the April 22

Letter that Plaintiff proffers was itself untimely, as it was submitted only six business days

before E.D.'s enrollment at iBrain.  *See supra*; *cf. Landsman*, 2024 WL 3605970, at *3.  Viewing

the record as a whole, the SRO found that Plaintiff had not complied with the TDN requirement.

And given that "the SRO's[] evaluation of [ ] evidence is entitled to deference," *M.M. v. N.Y.C.*

*Dep't of Educ.*, No. 15 Civ. 5846, 2017 WL 1194685, at *7 (S.D.N.Y. Mar. 30, 2017), this Court

cannot conclude that the SRO erred in finding that Plaintiff failed to satisfy the TDN

requirement.  *Cf. Landsman*, 2024 WL 3605970, at *5 (affirming SRO's exclusion of the

proffered notice letter, and concluding that Plaintiff failed to give requisite TDN).

Plaintiff argues that this inappropriately places the burden of proof on her rather than on

the school district, *see* Pl.'s Opp'n 16-17, but as noted, Plaintiff's proffered evidence only shows

that the April 22 Letter was untimely and did not comply with the TDN requirement.  In any event, "[r]egardless of who has the burden of proof, it is clear that the DOE prevailed [on this issue] at the SRO level," *W.T. & K.T. ex rel. J.T. v. Bd. of Educ. of Sch. Dist. of N.Y.C.*, 716 F. Supp. 2d 270, 287 (S.D.N.Y. 2010), and "[o]n appeal to a federal court . . . the burden of demonstrating that an SRO ruled incorrectly falls on the party challenging that decision." *B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 311 (S.D.N.Y. 2023).  Plaintiff has not established that the SRO did so here.[6]

## II.  The Equities

Plaintiff's second argument is that the SRO's determination that her failure to comply with the TDN requirement barred recovery in this case is not owed any deference, and is incorrect on the merits.

First, Plaintiff argues that the SRO's opinion is not entitled to deference because it was inadequately reasoned.  *See* Pl.'s Mem. 22-26; Pl.'s Opp'n 8.  The Court disagrees.  When a party seeks to "overturn an SRO's decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported." *Phillips*, 2024 WL 1208954, at *2.  Plaintiff has not met that burden here.  A review of the SRO's twenty-four-page decision reveals that it is thorough, well-reasoned, and supported by the administrative record.  *See* R. 016-39 ("SRO Decision").  The SRO thoughtfully considered Plaintiff's arguments, and ruled in Plaintiff's

---

[6] While the IDEA itself places the burden of proof on a party challenging an IEP placement, *see Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005), New York statutory law provides that, in IDEA cases, the school district shall bear the burden of proof at an impartial hearing, "except that a parent or person in parental relation seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion and burden of production on the appropriateness of such placement."  N.Y. Educ. Law § 4404(1).  The Second Circuit has not "resolve[d] the question . . . whether the State has the power to override the IDEA burden scheme" in this manner. *See M.H.*, 685 F.3d at 225 n.3.  Regardless, in this posture and at this stage of the proceedings, "the burden of demonstrating that the [SRO] erred is properly understood to fall on the plaintiff[]."  *Id.*

favor on one of the two issues (the IHO's determination to award only reduced funding for the

2022-23 SY.

Second, Plaintiff argues that the SRO's opinion is not entitled to deference because it

concerns a matter of law rather than of educational policy, Pl.'s Mem. 20-22, and that on a *de*

*novo* review of the administrative record reveals that Defendants' violations of E.D.'s right to a

FAPE were so "monumental" that the equities demand a reimbursement for the 2021-22 SY.  *See*

Pl.'s Mem. 28.  As an initial matter, Plaintiff is correct that the deference owed to the SRO may

be "less weighty" when reviewing whether the equities support an award, because "where the

issue in dispute is the balancing of the equities, [it is] a matter as to which district courts not only

have particular expertise but also broad discretion."  *A.R. ex-rel. F.P. v. N.Y.C. Dep't of Educ.*,

No. 12 Civ. 4493, 2013 WL 5312537, at *5 (S.D.N.Y. Sept. 23, 2013).

But even on *de novo* review of the SRO's decision to deny the 2021-22 SY relief, the

Court determines that the equities do not favor Plaintiff, due to Plaintiff's failure to provide the

required TDN.  While Plaintiff may be correct that failure to comply with the TDN requirement

is not an absolute bar to recovery, the Supreme Court has made clear that "courts retain

discretion to reduce the amount of a reimbursement award if the equities so warrant—for

instance, if the parents failed to give the school district adequate notice of their intent to enroll

the child in private school."  *Forest Grove Sch. Dist.*, 557 U.S. at 247.  Accordingly, "courts in

this Circuit have found that the equities may warrant a reduction in the amount of a tuition

award, sometimes even in full, where, as here, the parents failed to comply with the notice

requirement in 20 U.S.C. § 1412, or otherwise exhibited uncooperative behavior."  *Erde v.*

*Banks*, No. 21 Civ. 9285, 2022 WL 18461297, at *6 (S.D.N.Y. Dec. 28, 2022), *report and*

*recommendation adopted*, No. 21 Civ. 9285, 2023 WL 373156 (S.D.N.Y. Jan. 24, 2023).

After conducting Plaintiff's requested *de novo* review of the administrative record, the Court determines that, under the particular facts of this case, the equities do not favor Plaintiff with respect to reimbursement for the 2021-22 SY.  Plaintiff argues that providing TDN would have been futile because the school district would not have offered E.D. an adequate placement. *See* Pl.'s Mem. 24.  But there is no way to know that based on the record here; and the point of the TDN requirement is to give the school district a final, short opportunity to cure an inadequate placement before a student is unilaterally removed from a public school.  *See Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165.

Finally, as to Plaintiff's point about the extent of Defendants' violations, the court rejected a similar argument in *Landsman*.  *See* 2024 WL 3605970, at *5.  There, the plaintiff argued that "the equities weigh in her favor because DOE failed to provide a FAPE and the denial of a FAPE was so 'egregious' that it justifies reimbursement."  But as the court in *Landsman* explained, this

> argument conflates the first and third prongs of the relevant test. It is true that DOE failed to provide [the student] a FAPE and that denial resolves the first [*Burlington-Carter*] prong in Plaintiff's favor. That said, the first prong must be weighed against the third, under which courts typically assess the reasonableness of the parents' actions.

*Id.* (holding that equities weighed against parent due to failure to comply with the TDN requirement).  For the reasons explained above, the Court finds that the third *Burlington-Carter* prong weighs against reimbursement.

**CONCLUSION**

For the reasons given above, the Court **DENIES** Plaintiff's motion for summary

judgment and **GRANTS** Defendants' motion for summary judgment.

The Clerk of Court is respectfully requested to terminate ECF Nos. 49, 56.

SO ORDERED.

Dated:  September 27, 2024
New York, New York

_____
DALE E. HO
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JANERIS RODRIGUEZ MEJIA, as Parent and
Natural Guardian of E.D. and Individually,

                Plaintiff,

    -against-                                                     23 **CIVIL** 6401 (DEH)

                                          **JUDGMENT**

DAVID C. BANKS, in his Official Capacity as
Chancellor of the New York City Department of
Education, et al.,

                Defendants.
-----------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Opinion and Order dated September 30, 2024, the Court has **DENIED**

Plaintiff's motion for summary judgment and has **GRANTED** Defendants' motion for summary

judgment.

**Dated:**  New York, New York

     September 30, 2024

                                    **DANIEL ORTIZ**
                           _____
                               **Acting Clerk of Court**

        **BY:**        K. Mango

                               _____
                                 **Deputy Clerk**